UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Pamela Richard,
       Plaintiff

       v.                                         Civil No. 08-cv-204-SM
                                                  Opinion No. 2009 DNH 008
Michael Astrue, Commissioner
Social Security Administration,
       Defendant

**O R D E R**

The government moves to dismiss this suit on grounds that the court lacks jurisdiction to review claims arising under the Social Security Act in the absence of a final administrative decision after a hearing.  42 U.S.C. § 405(g).  While that is generally correct, plaintiff here seeks judicial review under the "colorable constitutional claim exception" recognized by the Supreme Court in Califano v. Sanders, 430 U.S. 99 (1977).

Plaintiff asserts a denial of due process.  Taking the allegations of the complaint as true, and considering the pleadings and exhibits, filed without objection by both parties, in the light favorable to the non-moving party, it is apparent that plaintiff has made a particularized allegation of diminished capacity that would be sufficient, if true, to qualify for the tolling relief described in SSR 91-5p, 1991 WL 208067 (S.S.A.) (mental disability precluding her from understanding or complying

with the procedural requirements associated with taking an appeal, at a time when she was not represented by counsel or other responsible person, etc.). Moreover, she plausibly alleges that the Administrative Law Judge denied her facially untimely motion for a hearing with respect to the initial denial of her benefits claim, without affording her an opportunity to be heard on her SSR 91-5p claim, without considering evidence in the record supportive of that claim, and without developing the record with respect to that issue, all notwithstanding notice that the claim was being asserted. Under these circumstances, she has adequately presented a colorable constitutional claim of denial of due process, which supports this court's exercise of jurisdiction. See generally Stieberger v. Apfel, 134 F.3d 37 (2d Cir. 1997); Ranallo v. Astrue, C.A. No. 08-025, 2008 WL 2397553 (D.R.I. June 12, 2008); Blake v. Social Security Administration, No. Civ. 02-112-B, 2003 WL 22703220 (D.N.H. Nov. 13, 2003).

There is no motion to remand pending, but that would seem to be the likely predictable result here. The record suggests that the agency failed to recognize or respond to what was an obvious attempt to file a late appeal of the denial of benefits, and did not consider her SSR 91-5p claim. The memoranda are somewhat confusing, but the general impression given is that plaintiff's counsel made it reasonably clear that he sought not only to reopen all prior benefits applications filed by plaintiff, but

2

also to obtain a "late" hearing on the substantive denial of benefits, on record-supported grounds, i.e., that the claimant was suffering from mental impairments at the time benefits were denied that precluded her from filing a timely appeal.  Plaintiff had sought benefits based upon a claimed mental disability.  The process the SSA itself provides, SSR 91-5p, requires adequate notice, and recognizes that notice is not adequate when the recipient is incapable of understanding or complying with the noticed procedures, and it is specifically designed to avoid applying res judicata bars to claims under circumstances such as those pled here.  That process also anticipates a hearing and fact-finding on the issue of diminished capacity when it is raised.  This ought to be a matter capable of resolution by agreement of the parties at this stage.

## Conclusion

The Commissioner's motion to dismiss for lack of subject matter jurisdiction (document no. 5) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 15, 2009

cc:  Raymond J. Kelly, Esq.
     T. David Plourde, Esq.